# EXHIBIT 17

December 29, 2017

Alice D. Petrone
24 Bretton Woods Drive
Cranston, RI 02920

**Certified Article Number**
9414 7266 9904 2041 0671 91
**SENDERS RECORD**

Re: 24 Bretton Woods Drive, Cranston, RI 02920 ("the Premises")

## NOTICE OF FORECLOSURE

Dear Alice D. Petrone:

This office represents Federal Home Loan Mortgage Corporation. Reference is hereby made to that certain mortgage ("the Mortgage") dated March 16, 2007, in the original principal amount of $223,000.00, executed by Alice D. Petrone encumbering the Premises (together with the related promissory note and all other documents executed in connection therewith, "the Loan Documents"). The Loan Documents are in default by reason of, among other things, non-payment in accordance with their terms. The loan secured by the Mortgage has been accelerated, due to a default under the terms of such mortgage and a failure to cure such default following notice thereof. Mortgagee is hereby invoking the public auction remedies as set forth in the Loan Documents.

Be advised that a mortgagee's foreclosure sale of the Premises will be conducted on February 27, 2018 at 11:00AM local time at the Premises. A copy of the legal notice, enclosed for your reference, will appear in Providence Journal. You will receive no further notice of this foreclosure. See attached notice of rights of active military servicemembers.

Be further advised that, pursuant to the terms of the Loan Documents, you are liable for all reasonable costs, legal fees and expenses incurred by the holder of the Loan Documents in connection with this debt to the extent permitted by applicable law. You will remain liable for any portion of the debt not recovered by the holder of the Loan Documents as a result of any foreclosure.

The holder of the Loan Documents hereby expressly reserves all of its rights and remedies pursuant to the Loan Documents and/or applicable law.

Disclosure pursuant to the Federal Fair Debt Collection Practices Act: This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Notwithstanding the preceding, if you have received a Chapter 7 discharge under the federal Bankruptcy Code that applied to your note and mortgage on the property listed above and if that loan has not been reaffirmed, then this notice is NOT intended and does NOT constitute an attempt to collect a debt against you personally, but rather is being sent to you only as a step in the process of foreclosing the mortgage on the property listed above and it is NOT an attempt to assert that you have any personal liability for that debt.**

Very truly yours,

MICHIENZIE & SAWIN, LLC.
745 Boylston Street
Boston, MA 02116
Attorneys for the mortgage holder

Enclosures
14.0259F.RI.MT001

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below. To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment. This notice may be given on your behalf by your authorized representative. If you have any questions about this notice, you should consult with an attorney.

(d)     Foreclosure sales affecting servicemembers.
(1)     The following definitions shall apply to this subsection and to subsection (c):
(i)     "Servicemember" means a member of the army, navy, air force, marine corps, or coast guard and members of the national guard or reserves called to active duty.
(ii)    "Active duty" has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304. In the case of a member of the national guard, or reserves "active duty" means and includes service under a call to active service authorized by the president or the secretary of defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the president and supported by federal funds.
(2)     This subsection applies only to an obligation on real and related personal property owned by a service member that:
(i)     Originated before the period of the servicemember's military service or in the case of a member of the national guard or reserves originated before being called into active duty and for which the servicemember is still obligated; and
(ii)    Is secured by a mortgage or other security in the nature of a mortgage.
(3)     Stay of right to foreclosure by mortgagee. Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active

duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

(4) Stay of proceedings and adjustment of obligation. In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

(i) Stay the proceedings for a period of time as justice and equity require; or

(ii) Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5) Sale or foreclosure. A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i) Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii) If made pursuant to an agreement of all the parties.

(6) Penalties. A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year, or both. The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7) Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated. Any hearing on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

# NOTICE OF MORTGAGEE'S SALE

24 Bretton Woods Drive, Cranston, RI 02920

The property described in the mortgage listed below will be sold, subject to all encumbrances, prior liens and such matters which may constitute valid liens or encumbrances after sale, at public auction on February 27, 2018 at 11:00AM on the premises by virtue of the Power of Sale contained in a Mortgage made by Alice D. Petrone dated March 16, 2007, and recorded in Book 3623, Page 224 et seq. with the Land Evidence Records of the City of Cranston, RI, the conditions of said mortgage having been broken.

A deposit of $10,000.00 via certified check or bank check (dated no more than ninety days before the date of sale) will be required to be delivered at the time and place of sale in order to bid. The successful bidder will be required to execute the mortgage holder's form of Memorandum of Sale immediately after the close of bidding. Other terms and conditions will be announced at the sale.

MICHIENZIE & SAWIN, LLC.
Attorneys for Holder of the Mortgage
745 Boylston Street, Boston, MA 02116
