## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALICE PETRONE,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION,  BAYVIEW LOAN<br>SERVICING, LLC, MERCHANT AND<br>TRADERS TRUST COMPANY DBA M & T<br>BANK,<br><br>        Defendants. | C.A. No. 1:18-cv-00549-JJM-LDA |

## FEDERAL HOUSING FINANCE AGENCY AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S COUNTERCLAIM FOR JUDICIAL FORECLOSURE AGAINST PLAINTIFF

Defendants, Federal Housing Finance Agency ("FHFA") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants"), hereby respond to each and every allegation of Plaintiff, Alice Petrone's ("Plaintiff"), Complaint for Declaratory, Injunctive Relief, and Damages (the "Complaint"), as follows:

### *Introduction*

1.    Paragraph 1 of Plaintiff's Complaint introduces the Complaint, asserts legal conclusions and requests for relief that do not require a response. To the extent a response is required, denied.

### JURISDICTION AND VENUE

2.    Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

4. Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants accept venue in this District.

5. Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the United States Code and Federal Rules of Civil Procedure apply in this Court.

## THE PARTIES

6. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Admitted.

8. Freddie Mac is a corporation existing under the laws of the United States of America. Furthermore, 12 U.S.C. § 1451 *et seq.* speaks for itself. To the extent that Paragraph 8 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

9. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## GENERAL FACTUAL ALLEGATIONS

### *The Conservatorship of FHFA over Freddie Mac*

10. The statutory provisions of the Housing and Economic Recovery Act of 2008 ("HERA") referred to in Paragraph 10 of Plaintiff's Complaint speak for themselves. To the

2

extent that Paragraph 10 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

11.    The statutory provisions of HERA referred to in Paragraph 11 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 11 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

12.    The Statement of the FHFA Director referred to in Paragraph 12 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 12 contains Plaintiff's characterization of the cited statement, those allegations are denied.

13.    The Congressional Budget Office ("CBO") Background Paper referred to in Paragraph 13 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 13 contains Plaintiff's characterization of the cited statement, those allegations are denied.

14.    CBO Working Paper referred to in Paragraph 14 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 14 contains Plaintiff's characterization of the cited statement or document, those allegations are denied.

15.    Freddie Mac's Annual Report, Form 10-K, for fiscal year 2015 (hereinafter the "2015 Annual Report") referred to in Paragraph 15 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 15 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

16.    The 2015 Annual Report referred to in Paragraph 16 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 16 contains Plaintiff's characterization of the 2015 Annual Report or any statements therein, those allegations are denied.

303775385v3 1014074

17.     The document referred to in Paragraph 17 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 17 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

18.     The document referred to in Paragraph 18 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 18 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

19.     Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent this paragraph alleges facts, denied.

20.     The document referred to in Paragraph 20 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 20 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

21.     Denied.

22.     The statute referred to in Paragraph 22 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 22 contains Plaintiff's characterization of that statute or any statements therein, those allegations are denied.

23.     Denied.

24.     The document referred to in Paragraph 24 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 24 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

25.     The document referred to in Paragraph 25 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 25 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

303775385v3 1014074

26.     The document referred to in Paragraph 26 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 26 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

27.     Denied.

28.     The document referred to in Paragraph 28 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 28 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

29.     The Senior Stock Preferred Stock Purchase Agreement referred to in Paragraph 29 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 29 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

30.     Denied.

31.     Denied.

**The Agency Relationship between FHFA and Freddie Mac and the Servicing Agent.**

32.     The FHFA Office of Inspector General Evaluation Report referred to in Paragraph 32 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 32 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

33.     The document referred to in Paragraph 33 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 33 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

34.     The document referred to in Paragraph 34 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 34 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

303775385v3 1014074

35.     The document referred to in Paragraph 35 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 35 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

### The Unconstitutional Foreclosure Policy of FHFA and Freddie Mac

36.     The document referred to in Paragraph 36 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 36 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

37.     The document referred to in Paragraph 37 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 37 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

38.     The document referred to in Paragraph 38 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 38 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

39.     Denied.

### The Plaintiff's interest in the Property

40.     The Warranty Deed referred to in Paragraph 40 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 40 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

41.     The promissory note referred to in Paragraph 41 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 41 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

303775385v3 1014074

42.     The mortgage referred to in Paragraph 42 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 42 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

43.     The assignment referred to in Paragraph 43 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 43 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

44.     The assignment referred to in Paragraph 44 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 44 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

### *The foreclosure proceedings against the Property*

45.     Defendants admit the allegation in Paragraph 45 of Plaintiff's Complaint that Plaintiff was in default under her mortgage prior to and on May 30, 2013. Further responding, Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained within Paragraph 45 of the Plaintiff's Complaint.

46.     The document referred to in Paragraph 46 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 46 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

47.     The document referred to in Paragraph 47 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 47 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

48.     The document referred to in Paragraph 48 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 48 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

303775385v3 1014074

49.     The document referred to in Paragraph 49 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 49 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

50.     The document referred to in Paragraph 50 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 50 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

51.     The document referred to in Paragraph 51 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 51 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

52.     The document referred to in Paragraph 52 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 52 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

53.     The document referred to in Paragraph 53 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 53 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

54.     The document referred to in Paragraph 54 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 54 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

55.     The document referred to in Paragraph 55 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 55 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

56.     Denied.

57.     Denied.

303775385v3 1014074

58.      Defendants deny the allegations of Paragraph 58 of Plaintiff's Complaint that Plaintiff was not "provided a Notice of Foreclosure Counseling pursuant to R.I.G.L. 34-27-3.1." Further responding, the cited statutory provision and the notice of foreclosure counseling referred to in Paragraph 58 of Plaintiff's Complaint speak for themselves. To the extent Paragraph 58 contains Plaintiff's characterization of that statute or document or any statements or provisions therein, those allegations are denied.

59.      Denied.

60.      Denied.

61.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

## COUNT I – ATTEMPTS TO DEPRIVE PLAINTIFF OF HER PROPERTY WITHOUT DUE PROCESS OF LAW

62.      Defendants incorporate by reference their responses to Paragraphs 1 through 61 of Plaintiff's Complaint.

63.      Denied.

64.      Denied.

65.      Denied.

66.      Denied.

67.      Denied.

68.      Denied.

69.      Denied.

70.      Denied.

71.      Denied.

303775385v3 1014074

72.     Denied.

Defendants deny Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

### COUNT II – VIOLATION OF RHODE ISLAND GENERAL LAWS § 34-27-3.1

73.     Defendants incorporate by reference their responses to Paragraphs 1 through 72 of Plaintiff's Complaint.

74.     The statute referred to in Paragraph 74 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 74 contains Plaintiff's characterization of the statute, those allegations are denied.

75.     The document referred to in Paragraph 75 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 75 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

76.     The statute referred to in Paragraph 76 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 76 contains Plaintiff's characterization of the statute, those allegations are denied.

77.     [Plaintiff has not included any allegation numbered Paragraph 77].

78.     Denied.

79.     Denied.

80.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80 of Plaintiff's Complaint..

Defendants deny Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

### COUNT III

303775385v3 1014074

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY FREDDIE MAC'S FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638**

81.     Defendants incorporate by reference their responses to Paragraphs 1 through 80 of Plaintiff's Complaint.

82.     Defendants deny Plaintiff is entitled to any damages in this action.

83.     Denied.

84.     Paragraph 84 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court. Further responding, Defendants deny Plaintiff is entitled to any damages.

85.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 85 of the Plaintiff's Complaint and therefore deny the same.

86.     Defendants admit Freddie Mac is the owner of Plaintiff's promissory note and mortgage.

87.     Paragraph 87 of Plaintiff's Complaint states a legal conclusion to which no response is required. Further responding, the statute referred to in Paragraph 87 of Plaintiff's Complaint speaks for itself.

88.     Denied.

89.     The statute referred to in Paragraph 89 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 89 contains Plaintiff's characterization of the statute, those allegations are denied.

90.     Denied.

11

91.     Denied.

92.     Denied.

93.     Denied.

Defendants deny Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 AGAINST BAYVIEW

94.     Defendants incorporate by reference their responses to Paragraphs 1 through 93 of Plaintiff's Complaint.

95.     Paragraph 95 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants admit that Plaintiff has been in default on her mortgage since February 2012. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Denied.

100.    Denied.

303775385v3 1014074

101.   Denied.

102.   Denied.

103.   Denied.

104.   Paragraph 104 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

105.   Denied.

106.   Paragraph 106 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, denied.

107.   Denied.

108.   Denied.

109.   The statute referred to in Paragraph 109 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 109 contains Plaintiff's characterization of the statute, those allegations are denied.

110.   The statute referred to in Paragraph 110 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 110 contains Plaintiff's characterization of the statute, those allegations are denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

303775385v3 1014074

Defendants deny Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

## COUNT V

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692, AGAINST M&T

118.    Defendants incorporate by reference their responses to Paragraphs 1 through 117 of Plaintiff's Complaint.

119.    Paragraph 119 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    Denied.

303775385v3 1014074

127.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.    Denied.

129.    Denied.

130.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.    Denied.

132.    Denied.

133.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    The statute referred to in Paragraph 138 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 138 contains Plaintiff's characterization of the statute, those allegations are denied.

139.    The statute referred to in Paragraph 139 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 139 contains Plaintiff's characterization of the statute, those allegations are denied.

140.    Denied.

141.    Denied.

142.    Denied.

303775385v3 1014074

143.    Denied.

144.    Denied.

145.    Denied.

Defendants deny Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

## COUNT VI

## CLAIM FOR INJUNCTIVE RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION

146.    Defendants incorporate by reference their responses to Paragraphs 1 through 145 of Plaintiff's Complaint.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

Defendants deny Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff has no legal basis to maintain a due process claim arising out of Freddie Mac's foreclosure under Rhode Island's Statutory Power of Sale.

303775385v3 1014074

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted because Freddie

Mac elects, through its response to this Complaint, to conduct a foreclosure by judicial process.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's due process claim is moot as a result of Freddie Mac's counterclaim for judicial foreclosure.

## FOURTH AFFIRMATIVE DEFENSES

Plaintiff is estopped from challenging the Defendants' authority to accelerate or foreclose.

## FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead Plaintiff's breach of contract and Defendants' resulting

authority to initiate foreclosure.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, in whole or in part, are barred by her failure to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to 12 U.S.C.

§ 4617(f).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the Housing and Economic Recovery Act of

2008 ("HERA").

WHEREFORE, Defendants, Federal Housing Finance Agency and Federal Home Loan

Mortgage Corporation, request judgment in their favor on each and every cause of action

303775385v3 1014074

asserted in Plaintiff's Complaint, an award of defense costs, including attorneys' fees, and any such other and further relief the Court deems just and appropriate.

Respectfully submitted,

FEDERAL HOUSING FINANCE
AGENCY and FEDERAL HOME LOAN
MORTGAGE CORPORATION,

By Their Attorneys,

*/s/ Ethan Z. Tieger*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated:   June 7, 2019

303775385v3 1014074

**FEDERAL HOME LOAN MORTGAGE CORPORATION'S COUNTERCLAIM
FOR JUDICIAL FORECLOSURE AGAINST PLAINTIFF**

## I.    INTRODUCTION

Defendant and Counter-Claimant, Federal Home Loan Mortgage Corporation ("Freddie Mac"), asserts the following Counterclaim for judicial foreclosure in accordance with R.I. Gen. Laws § 34-27-1 against Plaintiff and Counter-Defendant, Alice D. Petrone ("Petrone"). Freddie Mac is the current holder of a mortgage that Petrone originally granted on the property located at 24 Bretton Woods Drive, Cranston, Rhode Island. The Mortgage was recorded in the Land Evidence Records for the City of Cranston on March 20, 2007 at Book 3623, Page 224. Petrone subsequently defaulted on her obligations under the terms of the Mortgage and the promissory note it secures, and has failed to cure that default as of the filing of this Counterclaim. Pursuant to R.I. Gen. Laws § 34-27-1, Freddie Mac seeks entry of judgment from this Court to foreclose on the Mortgage by holding a public auction and sale of the Property.

## II.    PARTIES

1.    Counter-Claimant, Federal Home Loan Mortgage Corporation, is a corporation organized under the laws of the United States.

2.    Upon information and belief, Counter-Defendant, Alice D. Petrone, is a resident of the State of Rhode Island and currently resides at 24 Bretton Woods Drive, Cranston, Rhode Island (the "Property").

## III.    JURISDICTION AND VENUE

3.    This Court has jurisdiction to hear and decide Freddie Mac's Counterclaim pursuant to Fed. R. Civ. P. 13.

4.    This Court has original jurisdiction to hear and decide Freddie Mac's Counterclaim for judicial foreclosure in accordance with 28 U.S.C. § 1332 because the parties to

303775385v3 1014074

the suit are diverse and because the mortgage loan debt and the value of the value of the Property in controversy exceed $75,000, exclusive of interest and costs.

5.     Freddie Mac's claim for judicial foreclosure is appropriate in this District pursuant to 28 U.S.C. § 1391(b) as the Property and the events at issue that result in foreclosure are located and/or occurred in this District.

6.     The subject Property is located at 24 Bretton Woods Drive, Cranston, Rhode Island.

## IV.     FACTUAL ALLEGATIONS

7.     Freddie Mac adopts and restates the allegations in Paragraphs 1 through 6 of its Counterclaim.

8.     On March 16, 2007, Petrone executed a promissory note (the "Note") through which she promised to repay Washington Mutual Bank, FA ("Washington Mutual") the principal sum of $223,000.00, which Washington Mutual advanced, payable with interest, as provided in the Note, not later than December 1, 2035.

9.     To secure her repayment obligations under the Note, Petrone mortgaged, granted and conveyed the Property via the Mortgage to Washington Mutual. The Mortgage was executed on March 16, 2007 and recorded in the Land Evidence Records for the City of Cranston on March 20, 2007 at Book 3623, Page 224. (Mortgage, *Exhibit A*.)

10.     On February 4, 2013, Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA assigned its interest in the Mortgage to JPMorgan Chase Bank, National Association via an Assignment of Mortgage recorded in the Land Evidence Records for the City of Cranston on February 19, 2013 at Book 4691, Page 348. (Assignment, *Exhibit B*.)

303775385v3 1014074

11.     On December 14, 2013, JPMorgan Chase Bank, National Association assigned its interest in the Mortgage to Bayview Loan Servicing, LLC via a Rhode Island Assignment of Mortgage recorded in the Land Evidence Records for the City of Cranston on January 21, 2014 at Book 4862, Page 233. (Assignment, *Exhibit C*.)

12.     On December 2, 2014, Bayview Loan Servicing, LLC assigned its interest in the Mortgage to Federal Home Loan Mortgage Corporation via an Assignment of Mortgage recorded in the Land Evidence Records for the City of Cranston on December 5, 2014 at Book 4990, Page 52. (Assignment, *Exhibit D*.)

13.     The assignment of the Mortgage followed the conveyance of the mortgage loan and transfer of the Note to Freddie Mac.

14.     The Mortgage expressly provides at Paragraph 13 that its covenants and agreements shall bind and benefit the successors and assigns of Washington Mutual. (Mortgage, *Exhibit A* at 10.)

15.     Petrone thereafter failed to make her monthly principal and interest payments as required under the terms and conditions of the Note, resulting in a default on the Mortgage in February of 2012.

16.     As required by the specific terms and conditions of the Mortgage, including but not limited to, Paragraph 22, M&T Bank, as mortgage loan servicer for Freddie Mac, provided notice to Petrone of her default and advised her of the opportunity to cure the default by letter mailed on June 6, 2018. (*See* Notice of Default, *Exhibit E*.) Accompanying the Notice of Default was a notice of availability of mortgage counseling services and of the mortgagee's right to foreclose, which advised Petrone of the protections provided by R.I. Gen. Laws § 34-27-3.1. (*Id.*)

21

17.    The Notice of Default provided:

You have the right to cure the default. To cure this default, you must pay the amount of the default on this loan by the 35th day from the date of this letter, which is 07-11-18 (or if this date falls on a Saturday, Sunday, or legal holiday, then on the first business day thereafter).

(*Id.*) The Notice of Default further informed Petrone that "[y]ou have the right to reinstate the loan after acceleration, pursuant to and subject to the provisions and limitations of your loan documents. You also have the right to bring a court action to [sic] assert the non-existence of a default or any other defense you may have to acceleration and sale.

18.    The amount Petrone was required to pay in order to cure the default under the Note and Mortgage and to reinstate the loan as of the Notice of Default was $155,466.43, exclusive of attorneys' fees and costs incurred in bringing the instant action. (*Id.*)

19.    As of the date of commencement of this action, Petrone has not cured her default or reinstated the Mortgage, as provided under the terms of the Mortgage, including Paragraph 19. (Mortgage, *Exhibit A.*)

20.    Since the June 6, 2018 Notice of Default was mailed to Petrone, more than thirty days have passed, and specifically, the July 11, 2018 deadline for Petrone to cure her default has expired.

21.    In addition, and in accordance with Paragraphs 9, 14 and 22 of the Mortgage, Freddie Mac is entitled to a full recovery of all attorneys' fees, expenses and costs incurred in defending and protecting its interest in the Property, protecting its rights under the Mortgage, and collecting all expenses incurred in pursuing the remedies provided in Paragraph 22, including but not limited, the reasonable attorneys' fees and costs with respect to this judicial foreclosure action.

303775385v3 1014074

## COUNT I

## JUDICIAL FORECLOSURE PURSUANT TO R.I. GEN. LAWS § 34-27-1

22.     Freddie Mac incorporates by reference its responses to Paragraphs 1 through 21 of the Counterclaim.

23.     Petrone has failed to pay the required principal and interest payments on the debt evidenced by the Note and secured by the Mortgage.

24.     Petrone has failed to cure her default at any time following the notice of default issued in strict compliance with Paragraph 22 of the Mortgage.

25.     Petrone's default on the Note breached the uniform covenants of the Mortgage, which permits Freddie Mac to accelerate the loan to maturity and demand full repayment following notice of default and right to cure.

26.     Under the terms of Paragraph 22 of the Mortgage, following acceleration, Freddie Mac is contractually permitted to foreclose Petrone's right to redeem the Property and conduct a foreclosure sale of Plaintiff's Property.

WHEREFORE, Freddie Mac requests the following relief:

A.     An order from the Court accelerating the mortgage loan debt in accordance with the terms of Paragraphs 19 and 22 of the Mortgage;

B.     An order from the Court authorizing Freddie Mac to notice and conduct a foreclosure sale of the Property under Court oversight;

C.     An order and judgment of this Court foreclosing the Mortgage and Petrone's right of redemption;

D.     An award of attorney's fees, costs, and expenses in pursuit of foreclosure and in accordance with the express terms of the Mortgage; and

303775385v3 1014074

E.      Such other and further equitable relief as the Court deems may be required.


Respectfully submitted,

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

By Its Attorneys,


*/s/ Ethan Z. Tieger*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
56 Exchange Terrace, Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com


Dated:      June 7, 2019

24

303775385v3 1014074

## <u>CERTIFICATE OF SERVICE</u>

I, Ethan Z. Tieger, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 7, 2019.

*/s/ Ethan Z. Tieger*

Ethan Z. Tieger

303775385v3 1014074