UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALICE PETRONE

    VS                                                      C.A. NO.: 18-cv-549

FEDERAL HOME LOAN MORTGAGE
CORPORATION, ALIAS,
BAYVIEW LOAN SERVICING, LLC, ALIAS
M & T BANK, ALIAS
AND JOHN DOE, ALIAS

**MOTION TO EXTEND TIME TO RESPOND TO DISCOVERY AND TO EXTEND ALL DEADLINES BY SIXTY DAYS**

      Alice Petrone, by her attorney moves that this Court extend the time to respond to the Discovery propounded by Bayview Loan Servicing LLC and M & T Bank to August 13, 2021 and to extend all the scheduling deadlines in this case by sixty days. The Counterclaim Defendant and Plaintiff needs additional time to respond to the discovery propounded by Defendants. In addition, the recent United States Supreme Court case of *Collins v. Yellen*, (19-422, 19-563, June 23, 2021) explicitly conflicts with the analysis of the First Circuit in *Montilla v. Federal Housing Finance Agency*, (20-1673, First Circuit, June 8, 2021) and significantly changes the analysis of the due process issues in this case. The parties had been awaiting the *Montilla* opinion, which was issued before *Collins v. Yellen.* As a result, the scope of the Due Process claim and Governmental Power lodged in the

Executive Branch, which is the subject of part of this discovery, has been amplified by *Collins*, in which the Supreme Court held in the opinion and footnote 20:

*Amicus* next contends that Congress may restrict the removal of the FHFA Director because when the Agency steps into the shoes of a regulated entity as its conservator or receiver, it takes on the status of a private party and thus does not wield executive power. But the Agency does not always act in such a capacity, and even when it acts as conservator or receiver, its authority stems from a special statute, not the laws that generally govern conservators and receivers. In deciding what it must do, what it cannot do, and the standards that govern its work, the FHFA must interpret the Recovery Act, and "[i]nterpreting a law enacted by Congress to implement the legislative mandate is the very essence of `execution' of the law." *Bowsher,* 478 U. S., at 733; see also *id.,* at 765 (White, J., dissenting) ("[T]he powers exercised by the Comptroller under the Act may be characterized as `executive' in that they involve the interpretation and carrying out of the Act's mandate").

Moreover, as we have already mentioned, see *supra,* at 5-6, the FHFA's powers under the Recovery Act differ critically from those of most conservators and receivers. It can subordinate the best interests of the company to its own best interests and those of the public. See 12 U. S. C. § 4617(b)(2)(J)(ii). Its business decisions are protected from judicial review. § 4617(f). It is empowered to issue a "regulation or order" requiring stockholders, directors, and officers to exercise certain functions. § 4617(b)(2)(C). It is authorized to issue subpoenas. § 4617(b)(2)(I). And of course, it has the power to put the company into conservatorship and simultaneously appoint itself as conservator. § 4617(a)(1). For these reasons, the FHFA clearly exercises executive power.[20] 3

*Amicus* asserts that the FHFA's structure does not violate the separation of powers because the entities it regulates are Government-sponsored enterprises that have federal charters, serve public objectives, and receive "`special privileges'" like tax exemptions and certain borrowing rights. Brief for Court-Appointed *Amicus Curiae* 27-28. In *amicus*'s view, the individual-liberty concerns that the removal power exists to preserve "ring hollow

2

where the only entities an agency regulates are themselves not purely private actors." *Id.,* at 29 (internal quotation marks omitted).

This argument fails because the President's removal power serves important purposes regardless of whether the agency in question affects ordinary Americans by directly regulating them or by taking actions that have a profound but indirect effect on their lives. And there can be no question that the FHFA's control over Fannie Mae and Freddie Mac can deeply impact the lives of millions of Americans by affecting their ability to buy and keep their homes.

[20] *Amicus* claims that *O'Melveny & Myers* v. *FDIC,* 512 U. S. 79 (1994), supports his argument, but that decision is far afield. It held that state law, not federal common law, governed an attribute of the FDIC's status as receiver for an insolvent savings bank. *Id.,* at 81-82. The nature of the FDIC's authority in that capacity sheds no light on the nature of the FHFA's distinctive authority as conservator under the Recovery Act.

The Supreme Court, thus seems to have affirmed the analysis of this Court in Sisti v. FHFA, by rejecting the analysis of *O'Melveney.* Due to the imposition of the foreclosure moratorium imposed by Executive Orders of the President and by the Federal Housing Finance Agency, the scheduling Orders in this case were extended at the request of Federal Home Loan Mortgage Corporation. That moratorium still exists.

 The Plaintiff has tried to obtain the consent of the Defendants for the discovery extension, but has been unable to obtain that consent.

 Wherefore Plaintiff moves that this Court extend the time for Plaintiff and Counterclaim Defendant to respond to the Discovery propounded by

3

thirty days and to extend the Scheduling Order by sixty days for each deadline.

ALICE PETRONE<br>
By her Attorney

July 14, 2021          /s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this Motion on all attornnes of record  by email and by electronic filing on July 14, 2021.

/s/ John B. Ennis

4